UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ERNEST WAYNE GDISIS,**

    Plaintiff,

    -vs-                                    Case No. 13-C-1172

**GREG SMITH,**

    Defendant.

## DECISION AND ORDER

This case involves the sale of a 1948 Buick Roadmaster by Greg Smith, a North Carolina resident, to Ernest Wayne Gdisis, a Wisconsin resident. Smith removed this action from Racine County Circuit Court and now moves to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). In ruling on such a motion, the Court may consider matters outside the pleadings including, as here, competing affidavits submitted by the parties. *Clover Tech. Group, LLC v. Oxford Aviation, Inc.*, --- F. Supp. 2d ---, 2013 WL 7094739, at *2 (N.D. Ill. Nov. 13, 2013) (citing *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). When the Court considers personal jurisdiction without holding an evidentiary hearing, the Court must determine whether the plaintiff has made out a *prima facie* case of jurisdiction, resolving conflicts in favor of the plaintiff. *Id.*

According to the complaint, Smith advertised the car nationally in Hemmings Motor News and on eBay. These advertisements induced Gdisis to purchase the car

for $37,000.00. Gdisis seeks exemplary damages of three times the amount of actual damages, Wis. Stat. § 895.446(3)(c), so the amount in controversy requirement has been satisfied for purposes of subject matter jurisdiction. 28 U.S.C. § 1332(a).

Gdisis avers that he called Smith on June 28, 2012 after seeing the advertisements. The parties engaged in phone negotiations, eventually arriving at the agreed price of $37,000. Smith identified his location in Racine, Wisconsin as the ultimate destination of the vehicle. Gdisis made a down payment of $500 on Paypal. On June 29, Gdisis requested more photos to verify the condition and quality of the vehicle. Smith sent additional photographs which appeared to represent that the vehicle was in good condition. Gdisis relied upon Smith's representations as referenced in the advertisements and as confirmed in the parties' phone conversations.

Gdisis talked with Smith on the phone regarding final payment and the procedures for transportation from North Carolina to Wisconsin. Smith provided advice as to an appropriate transportation company. On July 1, Gdisis sent a check by mail to Smith for the $36,500 balance. Subsequently, Gdisis and Smith discussed gate codes for the truck driver picking up the vehicle. Further, because of rain on the day of pickup, Gdisis called Smith to express concerns regarding leaks that might damage the vehicle, but Smith was unable to answer the phone. However, Smith later told Gdisis that as long as rain was coming straight down, there wouldn't be any problem.

Smith avers that he is a lawyer who has a hobbyist interest in buying and selling automobiles. Smith decided to sell the vehicle in question by listing it for

auction on eBay and by paying for a classified ad in Hemmings Motor News. Both of those services can be accessed on the Internet. After seeing the eBay auction listing, Gdisis contacted Smith in North Carolina, and the parties engaged in the negotiations discussed herein. Smith encouraged Gdisis to arrange for a vehicle inspection, but Gdisis never did so. Gdisis initially suggested that he would drive to North Carolina to pick up the vehicle himself, but later decided to contract with a commercial shipping company. The eBay listing provided that "Shipping arrangements and cost also the responsibility of the buyer."

Due process prevents a state from exercising specific jurisdiction over a defendant unless the defendant had "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Citadel Group Ltd. v. Washington Regional Med. Ctr.*, 536 F.3d 757, 761 (7th Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Smith's contacts with Wisconsin were far from "continuous and systematic," *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984), so general jurisdiction is off the table. The issue with regard to specific jurisdiction is whether the defendant "purposefully avail[ed] [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985). The defendant's contacts cannot be "random, fortuitous, or attenuated; rather, the 'defendant's conduct and connection with the forum State' must be such that [he]

should 'reasonably anticipate being haled into court there.'" *Citadel Group* at 761 (quoting *Burger King* at 474-75).

Regarding eBay transactions, courts have "uniformly held that the usual online auction process does not rise to the level of purposeful conduct required to assert specific jurisdiction." *Foley v. Yacht Mgmt. Group, Inc.*, No. 08 C 7254, 2009 WL 2020776, at *3 (N.D. Ill. July 9, 2009) (collecting cases). This transaction was not completed using eBay's auction process, but the result should be the same regarding specific jurisdiction: there is none. Smith used the internet to advertise his car for sale, but this does not mean that he purposefully availed himself of the benefits and protections of any particular state, including Wisconsin. At bottom, this was a simple transaction, much like the one considered almost thirty years ago by the Seventh Circuit:

> An Indiana resident read an ad in an Indiana publication that offered a specific item (a 1963 Trinity propane anhydrous ammonia tanker transport) for sale. The ad stated that the seller was from Illinois. Mr. Indiana, in direct response to the ad, telephoned Mr. Illinois to discuss the tanker, and Mr. Illinois sent pictures and literature about the tanker to Mr. Indiana. Mr. Indiana traveled to Illinois, examined the tanker, decided to purchase it, did so, and transported it back to Indiana. The tanker soon proved to be defective (the fact that it ultimately blew up is not important on the jurisdictional issue), and this suit essentially for breach of warranty and rescission of the sales contract was born.

*Hall's Specialties, Inc. v. Schupbach*, 758 F.2d 214, 216 (7th Cir. 1985). The court found that the seller, "Mr. Illinois," could not be sued in Indiana because he "did not knowingly cause the ad to appear in the Indiana publication." *Id.* at 216. Therefore,

Mr. Illinois did not "knowingly solicit (in more than a general way) the sale" in Indiana. *Id.* at 217. Similarly, Mr. North Carolina (Smith) did not knowingly solicit the sale of his car to Mr. Wisconsin (Gdisis). The fact that a Wisconsin resident responded to the ad was random and fortuitous. While technology has evolved to the point that placing ads in print publications seems anachronistic, the constitutional principles that underlie the Seventh Circuit's analysis in *Hall's Specialties* are essentially unchanged. *See, e.g., Drake v. Ocwen Fin. Corp.*, No. 09-C-6114, 2010 WL 1910337, at *6 (N.D. Ill. May 6, 2010) ("national advertisements (including those on the Internet) are insufficient to subject a defendant to jurisdiction" in a particular state).

Smith's motion to dismiss [ECF No. 9] is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2014.

                                         **BY THE COURT:**

                                         _____
                                         **HON. RUDOLPH T. RANDA**
                                         **U.S. District Judge**